## E. D. SMITH AND ANOTHER v. MATHILDA HURNEY AND ANOTHER.[1]

December 16, 1927.

No. 26,232.

**Evidence sustained verdict that deed deposited in escrow was properly delivered to grantee.**

Record *held* to sustain verdict to effect that an escrow agent had properly delivered a deed.

Appeal and Error, 4 C. J. p. 773 n. 2.
Escrows, 21 C. J. p. 895 n. 59.

Defendant Mathilda Hurney appealed from an order of the district court for Hennepin county, Reed, J. denying her motion for a new trial. Affirmed.
*Eugene J. Culhane,* for appellant.
*Frank T. White,* for respondents.

PER CURIAM.

Action to recover the possession of real estate and for damages for its wrongful retention. After findings and order for judgment for plaintiffs, defendant Mathilda Hurney appeals from the order denying her motion for a new trial.

The case arises from a contract for the exchange of real estate and its decision depends upon whether the deed of the land to be conveyed by defendants to plaintiffs was wrongfully delivered by the escrow agent, a banker, in whose possession it was placed pending the procuring of an abstract. That question was in substance submitted to a jury, and the verdict was against defendants and to the effect that the escrow agent was authorized to deliver the deed. There is unequivocal evidence in support of that conclusion, so we cannot disturb it.

The testimony is that appellant was given her abstract and told that her deed and a sum of money reserved to her by the contract were at the bank. She knew that plaintiffs already had their deed and acquiesced, saying "we will go Monday and get our deed and the money." The record makes no suggestion that the title tendered her was not good. Because probably of the absence of counsel on either side, the conditions attending the delivery of the papers in escrow were not expressed clearly, if at all. But in view of appellant's prompt knowledge of the delivery to plaintiffs of their deed,

[1]Reported in 216 N. W. 783.

of her receipt of her own abstract, her knowledge that her own deed and money were ready for her, and her subsequent acquiescence, there can be no disturbance of the verdict on the controlling question. Of course in the foregoing discussion we have taken, as we must, that view of the evidence most favorable to plaintiffs.

Order affirmed.